*545 Opinion of the court delivered by
Judge Catron.
By the acts of 1820, ch. 24, and 1825, ch 82, the security for the debt may refuse to stay the execution, in which case the principal debtor and his security for the stay, shall be liable for the debt to the prior security. This in effect severs the judgment, and places it on the footing of cases of indorsers and makers of notes, where, if the indorsee pays the debt, he may have the judgment against the maker assigned to him, and can proceed upon it to remunerate himself. The act of 1820, was intended to benefit securities in the way it has done in this instance. Gunn is first liable: what injustice is done him by this proceeding? None.. Is there any danger that the Tannehills will obtain a double satisfaction of their debt? None. The moment the money is received, it is received for the use of Peck, who as security for Gunn, paid to the Tannehills the debt. The justice of the case is all on the side of Peck. The circuit court was correct in refusing to quash the execution, and in sustaining the motion to dismiss the certiorari. The judgment will therefore be affirmed.
Judgment affirmed.